# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**March 28, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 13-0366** (Kanawha County 08-F-568)

**Farley Allen Rhodes**,
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Farley Allen Rhodes, by counsel Tim C. Carrico and L. Thompson Price, appeals the order of the Circuit Court of Kanawha County, entered February 25, 2013, that denied his motion for reduction of sentence. The State, by counsel Laura Young, filed a summary response. On appeal, petitioner argues that the circuit court erred by failing to give the proper weight to his grounds for relief and by failing to consider "new information."

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2008, petitioner doused his girlfriend with an incendiary fluid and set her ablaze because she had threatened to leave him. She lingered in the hospital for a month before she died from her injuries. Petitioner was thereafter indicted for first-degree murder and arson. In exchange for the dismissal of the arson count, petitioner pled guilty to first-degree murder on March 11, 2010. At his May 27, 2010, sentencing hearing, the trial court denied petitioner's motion for mercy and sentenced him to life without the possibility of parole. The trial court then said,

> I don't think I have ever seen a more cruel, barbaric, vicious piece of conduct ever
> . . . totally without excuse. I mean, the agony, the pain, the suffering this lady felt.
> It's unimaginable to me . . . why, or how, or what would possess a human being to
> do what you did . . . There is nothing—absolutely nothing about you or this case,
> that in any way would permit me in good conscience to give you mercy.

On September 8, 2010, petitioner filed a motion for reduction of sentence pursuant to Rule 35(b) of the Rules of Criminal Procedure in which he asked that he be given the possibility of parole. At the October 14, 2010, hearing on the matter, petitioner's counsel stated that the motion was based on matters the court may not have taken into full consideration prior to

1

sentencing petitioner, and the "new information" that petitioner had consumed Lortab and alcohol prior to setting his girlfriend on fire.

By order entered February 25, 2013, the circuit court denied the motion on the ground that petitioner's sentence was appropriate. In the order, the circuit court noted that it had carefully weighed the nature of petitioner's crime and each of his arguments for the reduction of his sentence including the following: he pled guilty and therefore obviated the need for a trial; he gave a detailed factual basis for his plea; he expressed remorse at sentencing; he was found to be mildly mentally retarded; he had no prior felony convictions; and he was addicted to alcohol and opiates at the time of the crime. In response to the "new information," the court opined that the information, if true, favored punishment, and not mitigation.

Petitioner now appeals the circuit court's order denying his motion for Rule 35 relief. We have said,

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 3, *State v. Eilola*, 226 W.Va. 698, 704 S.E.2d 698 (2010).

On appeal, petitioner's sole assignment of error is that the circuit court erred by failing to give the proper weight to his grounds for relief.

The record on appeal in this case shows that, in sentencing petitioner, the trial court reviewed the transcript of petitioner's sentencing hearing; his pre-sentence report; an evaluating psychologist's report; statements made by petitioner, his family, and the victim's family; and the horrific facts of this case. Further, as noted in the order on appeal, the circuit court considered and weighed the petitioner's mental state, his plea obviating trial, his lack of prior felony convictions, and his "new information."

Importantly, petitioner's sentence is within the statutory limit for first degree murder, and he does not argue that the trial court considered any impermissible factors in sentencing him to life without the possibility of parole. "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). Therefore, we find that the circuit court did not abuse its discretion in denying petitioner's Rule 35 motion for reduction of sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II